IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEREMIAH TEETER, # 20003-058 | * |
| Petitioner | * |
| v. | *   Civil Action No. GLR-12-2641 |
| UNITED STATES DISTRICT COURT | * |
| Defendant | * |
| | *** |

## MEMORANDUM

On September 5, 2012, self-represented Petitioner Jeremiah Teeter ("Teeter"), an inmate at the Federal Correctional Institution in Cumberland, Maryland, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his conviction in the United States District Court for the District of South Carolina in Criminal Action No. 4:06-cr-216-RBH-1.[1]

**I.    Background**

In 2006, Teeter pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), and was sentenced to 110 months incarceration. On August 8, 2012, he filed a Motion to Vacate in the United States District Court for the District of South Carolina in which he alleged certain prior felony offenses should not have been used to enhance his sentence, relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The South Carolina federal district court found the Motion time-barred, stating:

> Petitioner is time-barred unless the right asserted was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Simmons is not a U.S. Supreme Court decision. See e.g., Blakney v. United States, No.4:11–cv–70024–RBH, 2011 WL 1113468, at *2 (D.S.C. March 24, 2011) (stating "[m]ost notably, the [ ] case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period"). Therefore, because

---

[1] See https://ecf.scd.uscourts.gov/doc1/16315878795.  This Court has electronically accessed Petitioner's records through the PACER system.

> Simmons is not a new Supreme Court case that established a new rule of law that would apply retroactively to the instant case, Petitioner's Motion to Vacate is untimely.

Criminal Action No. 4:06-cr-216-RBH-1. ECF No. 37 at 4.[2] The Court also denied a Certificate of Appealability. Teeter's appeal of the decision denying his § 2255 petition is before the United States Court of Appeals for the Fourth Circuit.[3]

**II.    Analysis**

A writ of habeas corpus under 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside, or Correct sentence under 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed, see 28 U.S.C. § 2241(a); whereas a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a). See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). While a federal prisoner may not generally seek collateral relief from a conviction or sentence by way of a § 2241 petition, there is an exception "savings clause" in § 2255 which provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e); In re Jones, 226 F.3d at 333 ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). A petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979). The "savings clause" is not triggered "merely ... because an individual

---

[2] In Simmons, the United States Court of Appeals for the Fourth Circuit applied the principles set forth in Carachuri–Rosendo v. Holder, —-U.S. —-, 130 S.Ct. 2577 (2010). The Fourth Circuit recently held the rule announced in Carachuri-Rosendo is procedural and not retroactively applicable to cases on collateral review. See United States v. Powell, 2012 W.L. 3553630*5 (4th Cir. August 20, 2012).

[3] *See* https://ecf.scd.uscourts.gov/cgi-bin/DktRpt.pl?880247822001845-L_1_0-1

is procedurally barred from filing a Section 2255 motion[.]" <u>Vial</u>, 115 F.3d at 1194.  Further, § 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." <u>In re Jones</u>, 226 F.3d at 333.

The Fourth Circuit has recognized that the savings clause applies in only very limited circumstances.  Specifically, § 2255 motion is inadequate and ineffective to test the legality of a conviction when: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;  2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.  See <u>United States v. Poole</u>, 531 F.3d 263, 269 (4th Cir. 2008) (quoting <u>Jones</u>, 226 F.3d at 333–34.).

In this case, Teeter does not allege or provide any facts or legal argument to suggest § 2255 provides inadequate or ineffective relief in light of the above standard.  Relief under § 2255 is neither inadequate nor ineffective merely because a petitioner is barred procedurally or by the gatekeeping requirements of the statute.  To the extent Teeter wants to file a second or successive § 2255 petition challenging his sentence or conviction, he must file his petition in the district where he was sentenced, the District of South Carolina, after obtaining pre-filing authorization from the United States Court of Appeals for the Fourth Circuit.

**III.     Conclusion**

For the above stated reasons, this Court finds that Teeter has not demonstrated § 2255 provides inadequate or ineffective relief so that he may challenge his judgment pursuant to 28 U.S.C. § 2241. Accordingly, the Motion will be dismissed by separate Order to follow.

September 28, 2012

/s/
_____
George L. Russell, III
United States District Judge